IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TILE INSTITUTE WELFARE PLAN, CHICAGO TILE INSTITUTE PENSION PLAN, and CERAMIC TILE, TERRAZZO, & GRANITE CUTTERS UNION LOCAL NO. 21, | FILED: JULY 9, 2008<br>08CV3888<br>JUDGE PALLMEYER<br>MAGISTRATE JUDGE MASON<br><br>PH |
| Plaintiffs, | CIVIL ACTION |
| v. | |
| CENTRAL TILE SERVICES, CO. | |
| Defendant. | |

## C O M P L A I N T

Plaintiffs, the CHICAGO TILE INSTITUTE PENSION PLAN, et al., by their attorneys, MICHAEL J. MCGUIRE and the law firm of GREGORIO & ASSOCIATES, complain of CENTRAL TILE SERVICES, CO., and allege as follows:

### Count -I - ERISA

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor Management Relations Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The CHICAGO TILE INSTITUTE PENSION PLAN and the CHICAGO TILE INSTITUTE WELFARE PLAN, (hereinafter referred to as the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Ceramic Tile, Terrazzo, & Granite Cutters Union Local No. 67.

3. The Ceramic Tile, Terrazzo, & Granite Cutters Union Local No. 67 is now known as the CERAMIC TILE, TERRAZZO, & GRANITE CUTTERS UNION LOCAL NO. 21. (hereinafter referred to as the "Union")

4. The Trust Funds are multi-employer plans as defined under 29 U.S.C. § 1002.

5. The Trust Funds are administered at 725 E. Irving Park Road, Suite B, Roselle, IL

6. The Defendant, CENTRAL TILE SERVICES, CO. (hereafter referred to as "CTS"), is an employer engaged in an industry affecting commerce which entered into a Collective Bargaining Agreement (hereinafter referred to as the "CBA") with the Union. **(Exhibit A)**. The CBA binds CTS to the terms of the Trust Agreement which created the Trust Funds.

7. The CBA and Trust Agreement requires CTS to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by said employees. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by its subcontractors who are not signatory to a CBA with the Union.

8. The CBA and Trust Agreement provides that employers who do not timely pay fringe benefit contributions are also liable for liquidated damages, interest, reasonable attorney's fees, court costs, audit fees and other reasonable costs incurred in the collection process.

9. The Defendant breached the provisions of the CBA and Trust Agreements by failing to pay contributions resulting from an audit discrepancy for the time period commencing October 2004 through February 2007 in the amount of $1,744.55.

10. As a result of said breaches, the Defendants are also liable to the plaintiff for the following ancillary damages:

      a. attorney fees and costs pursuant to the CBA and 29 U.S.C. §1132(g)(2)(D); and either

      b.  liquidated damages and interest pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(B); or

      c.  double interest pursuant to E.R.I.S.A., 29 U.S.C. §1132(g)(2)(C).

WHEREFORE, Plaintiff prays:

    A.  That the Defendants be ordered to submit audit discrepancies in the amount of $1,744.55 for the months of October 2004 through February 2007.

    B.  That the Defendants be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. § 1132(g)(2)(B).

    C  That the Defendants be ordered to pay liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C).

    D.  That the Defendants be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs.

    E.  That Plaintiffs have such other and further relief as the Court deems just and equitable.

## Count II - Breach of Labor Contract

11.    Plaintiff, Ceramic Tile, Terrazzo & Granite Cutters Union, Local No. 21 restates allegations 1-10 of Count I as if fully stated herein.

12.    The Court has jurisdiction over this matter and venue is proper pursuant to §301 of the Labor-Management Relations Act, 29 U.S.C. §185(a) and (c).

13.    Local 21 is a "labor organization" within the meaning of 29 U.S.C. §152(5) and maintains its principal place of business within this district.

14.    Central Tile Services, Co. is an Illinois corporation and is an "employer" within the meaning of 29 U.S.C. §152(2).

15.    The Company violated various provisions of the CBA by performing unit work with Tile Setters and Finishers who were not members of the Union.

16. Pursuant to the terms of the CBA, the Union notified CTS that a hearing before an arbitration panel was set for January 3, 2008 to hear the dispute as to the alleged violations of the CBA.

17. The hearing before the Joint Arbitration Board ("JAB") was held on January 3, 2008 with representatives of Local No. 21 presenting their case.

18. Following the presentation of evidence, the JAB rendered its award, and subsequently issued a written decision, a copy of which is attached as **Exhibit B**.

19. The JAB found that CTS had committed substantial violations of the collective bargaining agreement ("CBA") by disregarding the CBA in the employment process and by failing to employ union members on the project. As a result, CTS was fined $25,250.00.

19. The Union notified CTS of the Award on January 4, 2008 and provided the Employer with a copy of the written decision issued by the JAB.

20. CTS has not complied with the award.

21. CTS's failure to comply with the arbitration award is a breach of a labor contract.

WHEREFORE, the Union respectfully asks that judgment be entered against Central Tile Services, Co., as follows:

(1) Ordering it to comply with the arbitration award by paying $22,250.00.

(2) Ordering it to comply with the arbitration award by paying interest on that amount;

(3) Ordering it to comply with the arbitration award by reimbursing the Union and Funds for all legal fees and costs incurred in this suit; and

(4) Granting such other relief as the Court deems just and proper.

                    BY:    s/ Michael J. McGuire
                              MICHAEL J. MCGUIRE

Michael J. McGuire
ARDC# 6290180
Gregorio & Associates
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343

# MEMORANDUM OF AGREEMENT

THIS AGREEMENT MADE AND ENTERED INTO BY AND BETWEEN

Name of Contractor: C.T.S., Inc.   Address: 12850 So Newport
FEIN #: 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                 Palos Pk IL 60464
Phone: 708-912-9044

herein called the "EMPLOYER," and Ceramic Tile Layers and Terrazzo Workers Union Local 67 of the International Union of Bricklayers and Allied Craftsmen, AFL-CIO, herein called the "UNION."

In consideration of the mutual promises made to each other, the parties hereby agree as follows:

1. The EMPLOYER hereby recognizes the UNION as the sole and exclusive collective bargaining representative for and on behalf of employees of the EMPLOYER who are now or are hereafter employed within the territorial and occupational jurisdiction of the UNION.

2. The parties adopt and the EMPLOYER agrees to be bound by the terms and provisions of a collective bargaining agreement dated JUNE 1, 1997, between the UNION and the CERAMIC TILE CONTRACTORS ASSOCIATION OF CHICAGO (Master Agreement), a copy of which agreement is attached hereto and made a part hereof and the receipt of which is hereby acknowledged by the EMPLOYER.

3. This Memorandum Of Agreement shall remain in effect until the expiration of the Agreement adopted by reference, (Master Agreement) including any amendments or extensions thereto. The parties further agree that this Memorandum Of Agreement shall remain in effect from contract to contract thereafter and the parties specifically adopt any subsequent or successor Agreement entered into between the UNION and the aforesaid CERAMIC TILE CONTRACTORS ASSOCIATION OF CHICAGO after the expiration date of the Agreement adopted by reference (Master Agreement) as aforesaid, unless written notice of termination or amendment is given in the manner provided below.

4. Either party desiring to amend or terminate this Memorandum Of Agreement must notify the other in writing at least sixty (60) days prior to the expiration of the then existing Agreement adopted herein by reference (CHICAGO TILE CONTRACTORS ASSOCIATION OF CHICAGO - Master Agreement).

5. The EMPLOYER agrees to be bound by and to comply with the terms and provisions of the Agreements and Declarations of Trust establishing the Chicago Tile Institute Welfare Trust, Chicago Tile Institute Pension Trust, Chicago Tile Institute Promotion Fund, Chicago Ceramic Tile Layers Apprenticeship Trust, Annuity Trust, Bricklayer and Trowel Trades International Pension Fund and International Masonry Institute as amended and as the same may hereafter be amended or restated from time to time, as though the same were fully incorporated herein. EMPLOYER agrees to make prompt payments to each of the above funds of the hourly contribution specified in the Master Agreement and all successor agreements to which employer becomes bound. The EMPLOYER hereby accepts and ratifies the appointment of the present Employer Trustees of the Funds and their Successor Employer Trustees as its representative.

6. EMPLOYER agrees to furnish UNION with certificate covering liability under the Illinois Workers' Compensation Act and the Illinois Occupational Disease Act.

7. EMPLOYER agrees to furnish UNION with a surety bond to insure prompt payment of wages, health and welfare fund contributions, pension fund contributions, apprentice training fund contributions and annuity fund contributions in amount and according to the provisions of the Master Agreement adopted by reference herein.

8. This agreement shall not be operative during any period when the EMPLOYER is a member in good standing of the Chicago Tile Contractors Association of Chicago.

IN WITNESS WHEREOF, the parties have executed this agreement dated this ____ day of 3-27, 2002.

EMPLOYER: Houston G Jones (CTS)
(Sign) By: FOR CTS, INC
(Print) By: HOUSTON G. JONES

CERAMIC TILE LAYERS & TERRAZZO WORKERS UNION LOCAL #67
(Sign) By: Robert D. Brown
(Print) By: ROBERT D. BROWN

08CV3888
JUDGE PALLMEYER
MAGISTRATE JUDGE MASON

EXHIBIT A

PH

08CV3888
JUDGE PALLMEYER
MAGISTRATE JUDGE MASON

Joint Arbitration Board

PH

C~ramic Tile & Terrazzo Workers Union Local No. 67
v.
Central Tile Services, Inc.

## AWARD

The Ceramic Tile and Terrazzo Workers Local Union No. 67 ("Union") filed charges against Central Tile Services, Inc. ('.CTS~') for violating the Collective Bargaining Agreement between the parties. Notice of the charges was served on CTS and an Arbitration hearing was continued by agreement of the parties until January 3, 2008.

The Joint Arbitration Board held a full hearing on the charges in Chicago, Illinois on January 3, 2008. Appearing on behalf of the Union were Edward Juergensen, and Mike Petritis. Appearing on behalf of CTS were Houston Jones and Chris Jones. Both the Union and CTS presented their cases to the Board and all parties were given the opportunity to be heard and to present evidence regarding the charges filed against CTS.

Pursuant to its authority granted under Article XXII of the Collective Bargaining Agreement, the Joint Arbitration Board rules as follows:

**The Findings**:

1. CTS violated the Collective Bargaining Agreement ("CBA") with the Union on numerous occasions by performing unit work with Tile Setters and Finishers who were not members of the Union in direct violation of Article II of the contract. Specifically, CTS hired John Mrugal and Osbaldo Terrazas to perform tile setting/finishing at numerous job-sites over the past few months. Neither was a member of the Union. CTS did not properly notify the Union of the hiring of these men, and continued employing these individuals in violation of Sections 2.3 and 2.4 of the CHA.

2. CTS performed unit work at the jobsites identified at the hearing without paying proper wages, and fringe benefits in violation of Article 3 of the CBA.

EXHIBIT

B

3. Houston Jones admitted that CTS performed the tile work at these locations but denied violating the Collective Bargaining Agreement. The Board finds that these denials lack credibility.

4. CTS violated Articles 2, 3, 4, 15 and 18 of the Collective Bargaining Agreement, as set forth in the minutes, a copy of which is attached hereto and incorporated by reference herein.

**The Order:**

1. CTS is ordered to submit to a full audit of its books and records *for* the past five (5) years.

2. CTS is ordered to pay Osbaldo Terrazas $8,647.60 in wages and $7,602.40 in fringe benefits in accordance with the Collective Bargaining Agreement.

3. CTS is fined the sum of $9,000.00, which shall be paid to the R.E. Shepherd Scholarship Fund by January 24, 2008.

4. CIS shall cease and desist from future violations of the Collective Bargaining Agreement with the Union.

THIS DECISION WAS ISSUED BY THE JOINT ARBITRATION BOARD ON January 3, 2008.

*;."!cnll,... /J(~*

_____

Joint Arbitration Board